King, J.
The defendant in error was charged before the mayor of the village of Bradner, Ohio, with violating a village ordinance in respect to creating a disturbance; a jury empanneled, tried, convicted and sentenced, in pursuance of the terms of the ordinance. He prosecuted error in the court *33 of common pleas, and the court of common pleas reversed the judgment of the mayor, on grounds that do not appear in the entry, and the -village prosecuted this proceeding in error to reverse the judgment of the court of common pleas reversing the judgment of the mayor.
The proceedings before the mayor, except those that occurred upon the trial, appear to have been in regular form. We do not find any error in those proceedings. Whatever error there may be, is to be found in the proceedings at the trial which appear by a bill of exceptions. In the court of common pleas a motion was made to strike that from the files, which was overruled, and the village excepted. The precise error complained of, does not appear in the journal entry, but we understand it was the refusal of the mayor to give certain charges that were requested on behalf of the defendant. As no error appears in the record excepting in the bill of exceptions, we are required to examine whether the bill of exceptions should be looked into. The record shows that at the time of the sentence, or very soon thereafter^ motion was made for a new trial, and overruled,and the mayor allowed the defendant ten days within which to prepare and file a bill of exceptions, and he did prepare and file a bill of exceptions which was allowed and signed by the mayor eight days after the judgment was entered, and the'question is, whether the mayor had authority to allow that time and sign a bill of exceptions eight days after trial. It is said that he had, because the statute relating to the trial of civil cases before a justice of the peace, allows justices of the peace upon the overruling of a motion for a new trial, or in cases where a motion is not necessary, to allow that period after the trial,and to sign such bill of exceptions presented within such time; but there is no statute that we can discover which makes that provision applicable to criminal cases before a mayor. A mayor of an incorporated village has, under the statute found in the municipal code, *34 certain civil jurisdiction within the village over which he is mayor which is similar to that of a justice of the peace within a township, and the statute giving him that authority, provides that he shall have such criminal jurisdiction as is thereafter named in the statute.
Criminal cases before a court of common pleas are tried by indictment.
Section 7304, provides that,
“If a defendant feels himself aggrieved by any decision of the court, he may present his bill of exceptions thereto, which the court shall sign, and the same shall be made a part of the record, and have the same force and effect as in civil cases; if exceptions be taken to the decision of the court overruling a motion for a new trial because the verdict is not sustained by sufficient evidence, or is contrary to law, the bill of exceptions must contain all the evidence; and the taking of all bills of exceptions shall be governed by the rules established in civil cases.”
There is also another statute applicable likewise in a probate court, and it gives the defendant, or party desiring a bill of exceptions, the same length of time and ' the right to take exceptions under the same rules as are laid down under the statute relating to civil practice, which is a period of fifty days within which a bill of exceptions may be allowed and filed and made a part of the record.
Obviously that part of the statute has no application to prosecutions before a mayor; so that the provisions of sec. 7304, are not applicable, because if they were, that would extend the time to fifty days. ' Now, as I have said, there is no statute making the provisions of the civil practice before a justice of the peace applicable to criminal prosecutions before a mayor. Under the statute relating to the criminal jurisdiction of the mayor, found in sec. 1826,
■ “He may summon a jury and try the accused, in an prosecution for the violation of an ordinance, where imprisonment is a part of the prescribed punishment,' and the accused *35 does not waive a jury; and in such case, judgment shall be rendered in accordance with the verdict unless a new trial for sufficient cause is granted.”
And in section 1823, it is provided that ‘‘he shall have final jurisdiction to hear and determine any prosecution for the violation of an ordinance of the corporation unless imprisonment is prescribed as part of the punishment.”
In this case a jury was empaneled, and he was tried.
Section 1752 provides, that:
‘‘Appeals may be taken from the decision of the mayor in civil cases, in the same manner as from justices of the peace. * * * A conviction under an ordinance of any municipal corporation may be reviewed by petition in error in the same manner and to the same extent as was heretofore permitted on writs of error and certiorari, and the judgment of affirmance or reversal may be reviewed in the same manner; and for this purpose a bill of exceptions may be taken,or a statement of facts embodied in the record on the application of any party; but no such petition shall be filed except by leave of the court or a judge thereof, and such court or judge has power to suspend the sentence as in criminal cases.”
So that, while a bill of exceptions may be taken, or a statement of facts embodied in the record upon application of a party aggrieved, the proceedings in error are the same as those heretofore provided on writs of error, and in case. of the Village of Bellefountaine v. Vassaux,55 Ohio St. Rep., 323, as first published in 36 W. L. B.,' the court could not review the weight of the testimony before the mayor, holding that it was not allowed and could not be done in writs of error or writs of certiorari. Now, in proceedings for taking exceptions to the decision of the court in these cases,no statute authorizes a bill of exceptions to be taken after trial, because there was no time allowed for writing out exceptions. They must be taken at' the time of the decision of the court, and reduced to writing and signed by the trial *36 judge; that was the statute, and that was the practice, and clearly, there is no provision of the statute giving a mayor authority to extend the time for preparing a bill of exceptions in the prosecution for a violation of an ordinance Defendant may except to his rulings upon evidence, and may except to the charge to the jury or the refusal to give charges requested, and those exceptions reduced to writing can be reviewed in a court of error; but a bill of exceptions cannot be allowed and made a part of the record if it was taken at a timé after the trial. Several days were granted upon the application of the defendant below for taking this bill of exceptions, so we are satisfied that the court of common pleas erred in not striking the bill of exceptions from the files, and as the other proceedings are regular, the court erred in reversing the mayor.
Baldwin & Harrington, for Plaintiff.
Brown & Guernsey, for Defendant.
The judgment of the court of common pleas reversing the judgment of the mayor, is reversed, and the judgment of the mayor affirmed.